HAHN & HESSEN LLP
Mark T. Power (MP 1607)
Jeffrey Zawadzki (JZ 1656)
488 Madison Avenue
New York, New York 10022
Tel: (212) 478-7200
Fax: (212) 478-7400

— and —

MILES & STOCKBRIDGE P.C.
Thomas D. Renda
Patricia A. Borenstein
10 Light Street
Baltimore, MD 21202
Tel: (410) 727-6464

*Attorneys for Hydro Aluminum Precision Tubing North America, LLC*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
In re:                                          :    Chapter 11
                                                :
DANA CORPORATION, *et al.*,                     :    Bankruptcy Case No.: 06-10354 (BRL)
                                                :
        Debtors.                                :    (Jointly Administered)
---------------------------------------------------------x
                                                :
HYDRO ALUMINUM PRECISION                        :
TUBING NORTH AMERICA, LLC,                      :    District Case No.: 07-cv-05460 (PAC)
                                                :
        Appellant,                              :
                                                :
    v.                                          :
                                                :
DANA CORPORATION, *et al.*,                     :
                                                :
        Appellees.                              :
---------------------------------------------------------x

**REPLY BRIEF OF APPELLANT HYDRO ALUMINUM
PRECISION TUBING NORTH AMERICA, LLC**

In their response brief, Dana Corporation and the affiliated chapter 11 debtors and

debtors in possession (collectively, the "Appellees") fail entirely to address at least one of the

principal arguments that Hydro Aluminum Precision Tubing North America, LLC ("Hydro") has raised in its appellant brief, filed with this Court on June 28, 2007.

Specifically, because the Appellees never served the Post-Petition Financing Motion on Hydro or the other Reclamation Claimants,[1] they should be estopped from asserting that the Final DIP Order somehow invalidates Hydro's reclamation claim. Notably, in reaching its decision that the reclamation reclaims were valueless, the Bankruptcy Court relied on the DIP Lenders' status as a "good faith purchaser for value" within the meaning of Section 2-702(3) of the Uniform Commercial Code. See Bankruptcy Court Memorandum of Decision at p. 20. The Bankruptcy Court arrived at that conclusion based upon its earlier finding of good faith in the Final DIP Order – a finding that Hydro was never given the opportunity to challenge. Furthermore, to the extent that the Final DIP Order granting the DIP Lender a superior lien in the Reclaimed Goods, Hydro was entitled to notice of the Appellee's intent to jeopardize Hydro's rights.

No where in their opening brief do the Appellees claim they served the Post-Petition Financing Motion on Hydro, or provided Hydro with notice of a hearing on the Final DIP Order. Thus, because Hydro did not have an opportunity to challenge findings of the DIP Lender's good faith, or the status of the DIP Lender's superpriority liens, those findings should not bind Hydro. Accordingly, the Bankruptcy Court erred in basing its decision on prior findings, in violation of Hydro's due process rights. However, the Appellees have skirted this issue in their response brief by stating summarily that "the Interim DIP Order and Final DIP Order in this case contained explicit findings that the transaction was negotiated and entered at arm's-length and in faith, and those orders are final and unappealable." See Appellees' Opening Brief at p. 28.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in Hydro Aluminum Precision Tubing North America, LLC's Appellant Brief, filed with this Court on June 28, 2007 [Doc. No. 3].

Meanwhile, the Appellees have conceded that any challenge to the DIP Lender's good faith or superpriority status "would have had to be made in the context of the Final DIP Order, not in the reclamation proceedings. It is inconceivable that the DIP Lender could find itself behind millions of dollars of reclamation claims on the basis of a challenge to its good faith made months or years after the fact…" Id. Hydro agrees that had it been given the opportunity to challenge the DIP Lender's status under the Final DIP Order, it would likely be bound by that finding. But Hydro was *never* given that opportunity, and the Appellees have failed to show otherwise.

In fact, the only place the Appellees even attempt to address the lack of notice to Hydro and the Reclamation Claimants is in a footnote stating "all actual lienholders and interested parties received notice of the DIP hearing. Suppliers asserting reclamation rights are not secured creditors, and the interests of unsecured trade creditors were represented." See Appellees' Opening Brief at n. 36. This brief statement, however, is both misleading and inaccurate for three reasons. First, the Reclamation Claimants *were* interested parties, and *did not* receive notice of the DIP hearing. Second, as Hydro argued in its initial brief, at least one court of appeals has held that the Bankruptcy Code treats reclamation claims as "equivalent to a perfected security interest under Article 9" of the UCC. See United States v. Westside Bank, 732 F.2d 1258, 1265 (5th Cir. 1984). Finally, while the interests of unsecured creditors, including trade creditors, may have been globally represented by the Official Committee of Unsecured Creditors (the "Committee"), the Committee did not, and does not represent Reclamation Claimants, which have special rights and interests, separate and apart from trade creditors holding unsecured, non-priority claims. In fact, because the Reclamation Claimants are asserting special priority

interests in the Appellees' collateral, any position they would have taken at a hearing on the DIP Order would likely have been *adverse* to the Committee's position.

Because Hydro never had the opportunity to assert its superior rights vis-à-vis the DIP Lender, and because the Bankruptcy Court's decision was based in large part on findings that Hydro was never able to challenge, the Appellees should be estopped from asserting that the DIP Order invalidated Hydro's reclamation claims.

*[The remainder of this page was intentionally left blank]*

**CONCLUSION**

For the foregoing reasons, and for the reasons set forth in its opening appellant brief, Appellant, Hydro Aluminum Precision Tubing North America, LLC, respectfully requests this Court reverse the judgment of the United States Bankruptcy Court for the Southern District of New York valuing Emhart's Reclamation Claim at Zero Dollars, and remand this matter consistent with its ruling.

Dated: November 19, 2007

        Respectfully submitted,

        /s/ *Mark T. Power*
        Mark T. Power

        HAHN & HESSEN LLP
        Mark T. Power (MP 1607
        Jeffrey Zawadzki (JZ 1656)
        488 Madison Avenue
        New York, New York 10022
        Tel:  (212) 478-7200
        Fax:  (212) 478-7400

        MILES & STOCKBRIDGE P.C.
        Thomas D. Renda
        Patricia A. Borenstein
        10 Light Street
        Baltimore, MD 21202
        Tel: (410) 727-6464
        Fax: (410) 385-3700

        *Attorneys for Appellant Hydro Aluminum Precision Tubing North America, LLC*